IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

PAULA GONZALEZ,

    Plaintiff,                                                  ORDER

    v.                                                        13-cv-530-wmc

CAROLYN COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____

    Plaintiff Gonzalez seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding that she was not disabled within the meaning of the Social Security Act. The parties are well aware of these facts and the procedural history in this case.[1] They need not be repeated. What the court will address is the one issue that warrants remand: whether the ALJ erred by improperly weighing plaintiff's credibility.

    Plaintiff alleged that she was unable to work because of a range of physical and mental impairments. The ALJ assessed plaintiff with severe impairments related to fibromyalgia, degenerative disc disease, chronic obstructive pulmonary disease (COPD), chronic pain syndrome, and depression. (AR 26.) With regard to the mental impairments, the ALJ nevertheless found that Gonzalez had mild limitations in the activities of daily living and social functioning, but moderate limitations in concentration, persistence or pace. (AR. 27-28). In assessing the residual functional

---

[1] Record cites are to the administrative record.  (Dkt. #11.)

1

capacity (RFC), the ALJ found that Gonzalez could "perform light work as defined in 20 CFR 416.967(b) with additional limitations." Those additional limitations were as follows:

> She cannot climb ladders, ropes, or scaffolds and is limited to only occasional climbing of ramps or stairs. She is limited to occasional stooping, crouching, kneeling, and crawling. She must avoid even moderate exposure to extreme heat, extreme cold, wetness or humidity, and irritants such as fumes, odors, dusts, and gases. She is limited to simple, routine, repetitive tasks in a low stress job, defined as one requiring only occasional decision making or occasional changes in the work setting. She is precluded from piece work or production line type work.

(AR 28.)

Based on these limitations, the vocational expert opined that Gonzalez could perform her past relevant work as a cashier and hostess/cashier, as well as other jobs existing in the national economy including: general office clerk (6,000 jobs in Wisconsin); receptionist/information clerk (3,600 jobs in Wisconsin); and counter clerk (3,100 jobs in Wisconsin). (AR 33.) Accordingly, the ALJ concluded that Gonzalez was capable of performing work that exists in significant numbers in the national economy and thus, was "not disabled."

## ANALYSIS

Gonzalez argues that the ALJ erred in failing to assess plaintiff's credibility consistent with controlling Seventh Circuit case law. In *Pierce v. Colvin*, 739 F.3d 1046 (7th Cir. 2014), that court reiterated that "boilerplate phrases are not the problem," so

long as "the ALJ followed [a] boilerplate conclusion with a detailed explanation of the evidence and his reasoning about credibility." *Id*. at 1050. The problem arises when "the explanation shows that the ALJ's credibility finding misstated some important evidence and misunderstood the import of other evidence." *Id*.

Plaintiff here does not argue that the ALJ's analysis of Gonzalez's credibility was boilerplate, as would be a typical attack on ALJ credibility findings. On the contrary, Gonzalez's credibility argument is multifaceted. The core of her argument can be boiled down, however, to this: the ALJ misstated or ignored material portions of the record bolstering plaintiff's credibility. Specifically, plaintiff argues that the ALJ made findings that were inconsistent with the medical record and then relied on those findings as the bases for discrediting Gonzalez's testimony. Gonzalez argues that this warrants remand. The court agrees.

Although an ALJ's credibility determination is entitled to deference, and will only be overturned if it is "patently wrong," the review is more exacting if that determination rests on "objective factors or fundamental implausibilities," rather than on a claimant's demeanor or other subjective factors. *Schomas v. Colvin*, 732 F.3d 702, 708 (7th Cir. 2013); *Bates v. Colvin*, 736 F.3d 1093, 1098 (7th Cir. 2013). Under that standard, the court turns to ALJ's articulated reasons for discounting Gonzalez's testimony. In particular, the ALJ emphasized that by June 2010:

- the claimant "reported that she was doing exceptionally well on medications [for fibromyalgia]";
- the claimant "indicated a seventy-five percent improvement with regard to her pain and symptoms and indicated that she was able to perform activities without pain that were previously difficult for her to perform at all."

3

- that "subsequent treatment notes reflect continued improvements with regard to the claimant's pain control, activity level, and overall quality of life."

(AR 30.) Each of these findings is incongruent with key portions of the record. With respect to the benefits of medication, the ALJ did not consider that Gonzalez had "focal areas of tenderness associated with distinct patterns of referred pain and stimulation of trigger points." (AR 273.) And while there was improvement in pain control and movement, the ALJ ignored Gonzalez's "continued decreased range of motion throughout all levels of the spine," which required "trigger point injections to the trapezius muscles." (*Id*.)

This evidence is not subjective evidence derived by the ALJ from live testimony; it is objective medical evidence relevant to Gonzalez's condition -- evidence that bolsters her credibility. Because the ALJ misstated and selectively ignored this evidence in the conclusions summarized above, the court must remand for an explanation as to the bases for, as well as the other reasons, if any, for questioning plaintiff's credibility. *See Herron v. Shalala*, 19 F.3d 329, 335 (7th Cir.1994)

The record also shows a pattern of "waxing and waning" symptoms, all of which the ALJ both failed to acknowledge and to apply to his RFC determination. (AR 478.) Failure to examine these symptoms with respect to fibromyalgia in particular has been criticized by district courts, including this one.[2] *See Schultz v. Comm'r of Soc. Sec. Admin.*, 13-CV-111-BBC, 2013 WL 6148176 (W.D. Wis. Nov. 22, 2013). In *Schultz*, this court noted that one of the plaintiff's strongest arguments for remand was "that the

---

[2] Analysis of waxing and waning symptoms is relevant to an ALJ's analysis under SSR 12-2p. While that ruling was not binding at the time of the ALJ's original adjudication, the court encourages the ALJ to address SSR 12-2p on remand.

4

administrative law judge did not appreciate that an impairment such as fibromyalgia waxes and wanes, so that a person with the condition may be capable of doing more on some days and less on others." *Id.* While the court affirmed the ALJ's decision because of other evidence in the record, similar evidence does not exist here, making plaintiff's reliance on the argument a persuasive one. On remand, the ALJ should consider the evidence already in the record that Gonzalez's fibromyalgia shows patterns of waxing and waning symptoms.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 17th day of February, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
U.S. District Court Judge